UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALI GARNER, | : |
| Plaintiff, | : Case No. 3:20-cv-7791(BRM) (ZNQ) |
| v. | : **OPINION** |
| SCO SIOBHAN O'BRIEN, *et al.*, | : |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendants New Jersey Department of Corrections, State of New Jersey, SCO Jesse Colon, SCO Isac Chaves, and SCO Siobhan G. O'Brien (collectively, "Defendants") seeking to dismiss Plaintiff Ali Garner's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No 3.) Plaintiff did not file an opposition. Having reviewed the Complaint and the Motion to Dismiss and, having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED**.[1]

**I. BACKGROUND**[2]

**A. Procedural History**

Plaintiff originally filed his *pro se* Complaint on October 15, 2019, in the Superior Court, Law Division, Mercer County, under docket MER-L-2326-19. (*See* ECF No 1.) On January 29,

---

[1] Although the Court grants Defendants' Motion to Dismiss, as noted below, the Court will proceed Plaintiff's excessive force claim, which the Defendants do not discuss in the Motion to Dismiss.

[2] For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

2020, Defendants State of New Jersey and New Jersey Department of Corrections were served with a summons and copy of the Complaint. (*See id.* ¶ 2.) On June 2, 2020, Defendants O'Brien, Chaves, and Colon waived service of a summons. (*See id.* ¶ 5.) On June 25, 2020, Defendants removed this matter to this Court. (*See id.*, Ex. A ("Compl.").)

### B. Factual History

Plaintiff has been incarcerated at New Jersey State Prison ("NJSP") at all relevant times. (Compl. at 2.) Plaintiff submits he was subjected to unprofessional, rogue practices by SCO O'Brien. (*Id.* ¶ 7.) Plaintiff submits that he personally complained to SCO O'Brien regarding her unprofessional and illegal conduct. (*Id.* ¶ 8.) SCO O'Brien initiated a vicious retaliation campaign against Plaintiff. (*Id.* ¶ 10.) SCO O'Brien refused to open Plaintiff's door "for movement and in particular meals." (*Id.* ¶ 11.)

Plaintiff complained to supervisors and submitted, inquires, grievances, and complaints. (*Id.* ¶ 12.) Plaintiff submits SCO O'Brien conspired with her boyfriend, SCO Colon, to subject Plaintiff to serious harm and injury. (*Id.* ¶ 14.) On November 10, 2017, he was the victim of an unprovoked physical assault by SCO Colon and SCO Chaves in retaliation for his involvement in constitutionally protected activity. (*Id.* ¶ 3, 15.)

Plaintiff submits SCOs Colon, O'Brien, and Chaves are a "gang of corrupt rogue correctional officers who have a documented policy, practice and custom of using their official position (acting under color of law) to violate the constitutional rights of inmates." (*Id.* ¶ 17.) Plaintiff submits SCOs Colon, O'Brien and Chaves engage "in assaults upon inmates, retaliation, harassment, governmental interference, denial of access to the court, obstruction of justice, planting contraband in cells prior to a retaliatory cell search to enable them to write a bogus disciplinary charges, submitting false and fraudulent specials, and many other deceptive and

deceitful practices." (*Id.*) Plaintiff submits the State of New Jersey and New Jersey Department of Corrections permit correctional staff to engage in illegal and unlawful practices. (*Id.* ¶ 18.) Plaintiff submits all Defendants are guilty of corrections malpractice because of its policy, practice and custom of violating inmates' rights and failure to properly train and supervise. (*Id.* ¶ 19.) Plaintiff demands $75,000 in damages for harm and injury incurred. (*Id.* at 11, ¶ 2.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an

3

unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint.'" *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

4

>   laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Therefore, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

Plaintiff alleges, *inter alia*, conspiracy, retaliation, use of excessive force, and correctional misconduct. (*See generally* Compl.)

### A. Claims Against Defendants in Their Official Capacities

The Court begins with the entity Defendants. From the outset, the State of New Jersey is not a person subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's § 1983 claims against the State of New Jersey are dismissed with prejudice for failure to state a claim upon which relief may be granted. Likewise, the Department of Corrections is not a "person" amenable to suit under § 1983. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (stating that New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983); *Bennett v. New Jersey*, No. 08-5375, 2010 WL 5169070, at *6–7 (D.N.J. December 14, 2010) (neither the county jail nor the county jail medical clinic are a "person" or an entity able to be sued apart from the county). Accordingly, this Court dismisses with prejudice the § 1983 claims asserted against the New Jersey Department of Corrections. As explained above, § 1983 permits actions against a "person." 42 U.S.C. § 1983.

Similarly, as a claim against a state official in his or her official capacity is essentially a claim against the state, § 1983 claims are not permitted against state officials in their official

capacities, except to the extent that such claims seek prospective injunctive relief. *Will*, 491 U.S. at 71 & n.10. Defendants argue that, to the extent Plaintiff asserts damages against them in their official capacities, such must be dismissed. (*See* ECF 3-1 at 5-7.) As the Defendants in their official capacities are not persons for the purposes of § 1983, the claims against them in their official capacities are dismissed with prejudice. *See Will*, 491 U.S. at 71 & n.10.

### B. Conspiracy

Plaintiff's Complaint also characterizes Defendants as having conspired against him. (See Compl. ¶ 14.) [3] To state a claim for conspiracy under § 1983, a plaintiff must allege that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superseded in part by statute on other grounds as recognized by P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3d Cir. 2009). To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir.2003). A conspiracy claim under § 1983 requires a "meeting of the minds," and to survive a motion to dismiss, plaintiffs must provide some factual basis to support the existence of the

---

[3] Defendants argue Plaintiff failed to state a claim for conspiracy under 42 U.S.C. § 1985. (See ECF No. 33-1 at 10-12.) The elements of a section 1985 claim are well-established and to survive a motion to dismiss a Plaintiff must allege the following: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971)). In the instant matter, Plaintiff does not allege conspiracy based on a racial bias. Thus, the Court construes Plaintiff's conspiracy claim as alleging a § 1983 conspiracy claim, rather than a § 1985 conspiracy claim.

elements of a conspiracy, namely, agreement and concerted action. *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970).

The entirety of Plaintiff's conspiracy discussion, submits "Defendant O'Brien conspired with her boyfriend, Defendant Colon to subject Plaintiff Garner to serious harm and injury." (Compl. ¶ 14.) Plaintiff provides no facts to support the allegation that there was a "meeting of the minds" or an agreement. *See Twombly*, 550 U.S. at 556–57 (holding that, at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *Kennedy v. City of Philadelphia*, 749 F. App'x 90, 94 (3d Cir. 2018) (conclusory allegations of conspiracy are not sufficient to plead a claim these attorneys conspired with any state actors); *Himchak v. Dye*, 684 F. App'x 249, 253 (3d Cir. 2017) (same). Here, Plaintiff has not pleaded sufficient facts to show that Defendants O'Brien, Colon, and Chaves conspired to deprive Plaintiff of a constitutional right. As such, Plaintiff's allegation is insufficient to state a claim for relief for conspiracy under § 1983 as to Defendants and the motion to dismiss is granted as to this issue.

### C. Retaliation

Plaintiff asserts a First Amendment retaliation claim against Defendants O'Brien, Colon, and Chaves. (*See* Compl. ¶ 8-15.) Defendants argue Plaintiff's claim should be dismissed for failure to allege sufficient facts which, if taken as true, would prove that any retaliation took place. (ECF 3-1 at 12-14.) In the prison context, the elements of a First Amendment retaliation claim are that: (1) the prisoner engaged in constitutionally protected conduct, (2) prison officials took an adverse action against the prisoner that is sufficient to deter a person of ordinary firmness from

exercising his constitutional rights, and (3) there is a causal link between the exercise of the prisoner's constitutional rights and adverse action taken against him. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)). Once a plaintiff has shown evidence of protected conduct and an adverse action, the question becomes showing a causal link between the two. *See Rauser*, 241 F.3d at 333. At that stage, the plaintiff first bears the burden to show that the protected conduct was a substantial or motivating factor underlying the adverse action, and the burden then shifts to the defendant to show that it would have taken the same action regardless of the plaintiff's protected conduct. *Id.*; *see also Watson v. Rozum*, 834 F.3d 417, 831. Where a causal link cannot be shown with direct evidence, a plaintiff may try to satisfy the initial burden by demonstrating "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson*, 834 F.3d at 422.

  Here, Plaintiff alleges Defendant O'Brien refused to open the prison cell door for mealtime and movements after Plaintiff complained to O'Brien outlining her unprofessional and illegal conduct. (Compl. § 8, 10.) Plaintiff further submits O'Brien, Colon, and Chaves conspired to physically attack Plaintiff in retaliation for his filing of inquiries, grievances, and complaints. (*Id.* ¶ 12-15.) Plaintiff's retaliation claim is dismissed because he has failed to plead any causal link between his constitutionally protected activity and the alleged conduct of the Defendants. Plaintiff fails to plead any facts regarding the temporal proximity between his filing of a grievance and the alleged retaliatory acts. *Watson*, 824 F.3d at 422. Plaintiff makes a conclusory statement that his filing of grievances resulted in retaliation on behalf of the Defendants. *Ashcroft*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555) (noting threadbare recitals of the elements of a cause of

8

action, supported by mere conclusory statements, do not suffice.) Accordingly, the retaliation claim is dismissed for failure to plead a claim.

### D. Failure to Train

Plaintiff appears to be alleging a claim of failure to train against all Defendants. (Compl. ¶ 19.)[4] Plaintiff alleges Defendants O'Brien, Colon, Chaves, State of New Jersey and New Jersey Department of Corrections are guilty of malpractice because of the policy and custom of violating inmates' rights and for failure to properly train and supervise. (*Id.*)

Personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of respondeat superior. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Hence, there are two potential theories of supervisory liability. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, defendants may be sued as policy makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which

---

[4] To the extent Plaintiff is raising a failure-to-train claim under *Monell v. New York City Department of Social Services*, 436 U.S. 685 (1978), that claim would fail. *Monell* liability permits municipal defendants to be held liable under a § 1983 failure-to-train theory for patterns of unconstitutional conduct. *Id.* at 694–95; *Connick v. Thompson*, 563 U.S. 51, 62 (2011). However, *Monell* liability applies only to municipalities, not to states. *See Monell*, 436 U.S. at 690 n.54. Here, the State of New Jersey and New Jersey Department of Corrections and the individual Defendants are state, not municipal defendants; thus, a *Monell* claim is not viable against them. *See Cipolla v. Hayman*, No. 10-889 2013 WL 1288166, at *6 (D.N.J. Mar. 26, 2013). However, the Court will review if the individual Defendants are liable under a theory of supervisory liability. *See Barkes v. First Corr. Med.*, 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom. *Taylor v. Barkes*, 575 U.S. 822 (2015).

directly caused [the] constitutional harm.'" *Id.* (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). The second theory of liability provides a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. *See Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995).

Plaintiff's Complaint fails to plead a failure-to-train claim against any supervisor. Plaintiff brings the claim against Defendants O'Brien, Colon, and Chaves, but does not allege any facts that the Defendants are supervisors. Plaintiff's allegations do not give rise to a failure-to-train supervisory liability claim.

Plaintiff also brings a failure-to-train claim against the State of New Jersey and the New Jersey Department of Corrections, which are both state agencies. As explained above, states and state agencies are not "persons" within the meaning of § 1983. *Will*, 491 U.S. at 65 (1989). Thus, Plaintiff's failure-to-train claims against the State of New Jersey and the New Jersey Department of Corrections must be dismissed.[5]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's §1983 conspiracy claim, First Amendment retaliation, and failure-to-train claims against all Defendants in their official capacity are dismissed with prejudice to the extent Plaintiff seeks money damages. Plaintiff's §1983 conspiracy claim, First Amendment retaliation, and failure-to-train claims against Defendants O'Brien, Colon, and

---

[5] The Court also construes Plaintiff's Complaint as raising a claim for excessive force. (Compl. ¶ 15.) Because Defendants did not address that claim in their motion, this Court need not and will not address that claim at this time.

Chaves are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's excessive force claim remains.

An appropriate order follows.

DATED: March 19, 2021

                                                */s/Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**