**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI GARNER, <br><br> Plaintiff, <br><br> v. <br><br> SCO SIOBHAN O'BRIEN, *et al.*, <br><br> Defendants. | Civil Action No. 2:20-cv-07791-BRM-JSA <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are Plaintiff Ali Garner's ("Plaintiff") Appeals (ECF Nos. 86, 131) of two Orders (ECF Nos. 80, 129) issued on September 19, 2023, and January 21, 2025, respectively, by the Honorable Jessica S. Allen, U.S.M.J. Judge Allen's September 19, 2023 Order denied Plaintiff's motion for leave to amend his Complaint, and the January 21, 2025 Order denied Plaintiff's motion for the limited appointment of *pro bono* counsel and for the court's approval of two proposed subpoenas. (ECF Nos. 80, 129.) Having reviewed the parties' submissions filed in connection with this appeal, for the reasons set forth below and for good cause having been shown, Plaintiff's appeals (ECF Nos. 86, 131) are **DENIED** and Judge Allen's September 19, 2023 and January 21, 2025 Orders (ECF Nos. 80, 129) are **AFFIRMED**.

I. **BACKGROUND**

These appeals arise from an alleged physical assault that occurred on November 10, 2017. (ECF No. 1, Ex. A ¶ 3.) Plaintiff, while incarcerated at New Jersey State Prison in Trenton, filed a *pro se* complaint on October 15, 2019, in the New Jersey Superior Court, Mercer County,

1

alleging violations of his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2, *et seq*. (ECF No. 1, Ex. 1.) On June 25, 2020, Defendants removed the case. (ECF No. 1 at 1.) Defendants filed a motion to dismiss all claims other than Plaintiff's claim alleging excessive force by Defendant Officers SCO Chaves and SCO Colon on October 29, 2020. (ECF No. 3.) On March 19, 2021, this Court entered an Opinion and Order granting Defendants' motion to dismiss, with the excessive force claim against Chaves and Colon remaining as the only claim. (ECF Nos. 4–5.)

Plaintiff appeals two Orders by Judge Allen in which she denied Plaintiff's request to submit an amended complaint and denied Plaintiff's request for *pro bono* counsel.[1] (*See* ECF No. 86 appealing ECF No. 80, and ECF No. 131 appealing ECF No. 129.) This Court addresses only the procedural history relevant to these appeals, and addresses Judge Allen's Orders and Plaintiff's arguments on appeal below.

---

[1] As Plaintiff is a prisoner and a *pro se* litigant, Plaintiff asks the Court to apply the Mailbox Rule for both appeals, contending that it was impossible to prepare and file the appeal any sooner and requesting that this Court consider these appeals timely filed. "Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing Fed. R. Civ. P 72(a)). "Under the mailbox rule, if a letter 'properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed . . . that it reached its destination at the regular time, and was received by the person to whom it was addressed.'" *Lupyan v. Corinthian Colls., Inc.*, 761 F.3d 314, 319 (3d Cir. 2014) (citations omitted). Plaintiff contends that on September 27, 2023, he provided his appeal of Judge Allen's September 19, 2023 Order to the prison authorities to mail via the prison mail system. (ECF No. 86.) Plaintiff also contends that he was unable to file his appeal of Judge Allen's January 21, 2025 Order any sooner because Plaintiff received the Order on January 27, 2025. This Court received Plaintiff's appeal on February 10, 2025. (ECF No. 131.) This Court considers Plaintiff's first appeal (ECF No. 86) timely filed, but not his second appeal (ECF No. 131), because Plaintiff does not contend that his second appeal was mailed within the fourteen-day timeframe recognized by the Mailbox Rule. Nevertheless, the Court considers the merits of both appeals, *infra*.

2

**A. Judge Allen's Order at ECF No. 80**

Following the March 19, 2021 Opinion and Order, Plaintiff filed a motion seeking leave to file an amended complaint (ECF No. 65), but the motion did not comply with Local Civil Rule 15.1 or Judge Allen's requirements because it did not "indicate in what respect(s) it differs from the pleading it proposes to amend." L. Civ. R. 15.1(a)(2). On June 5, 2021, Judge Allen denied Plaintiff's motion to amend without prejudice to his right to refile the motion in compliance with the Local Rules and Judge Allen's directives. (ECF No. 67.)

On June 23, 2023, Plaintiff moved for reconsideration of the June 5 Letter Order, alleging that his amended complaint was "completely different in form and most facts" from his original complaint, and that he could not create a red-lined copy of the proposed pleading as required by the June 5 Letter Order. (ECF No. 71.) On September 19, 2023, Judge Allen issued a Letter Order, finding that in the absence of a clearly delineated amended complaint, the court could not assess the merits of the request to amend, because "[a]bsent clear identification of the nature of the proposed amendment, the moving party is asking the Court to speculate about the parameters of the proposed amended complaint." (ECF No. 80 at 2.) Judge Allen found it was insufficient that Plaintiff "merely set[] forth his disagreement with the Court's prior decision, which is not a valid basis for reconsideration under Rule 7.1(i)." (*Id.*)[2] Plaintiff now argues that Judge Allen's Order denying Plaintiff's motion for leave to amend his Complaint should be reversed because: (1) Plaintiff provided Judge Allen and Defendants with a chance to evaluate the sufficiency of the

---

[2] Judge Allen did not require Plaintiff to provide a "red-lined" version of his proposed amended complaint, but rather to refile his motion to amend on or before October 19, 2023, which was to include: (1) a marked-up version of the proposed amended complaint containing his handwritten underlined proposal additions to the original complaint, and his handwritten cross-out or stricken-through deletions to the original complaint; (2) a clean copy of the proposed amended complaint; and (3) his legal bases in support of the renewed motion to amend. (ECF No. 80 at 3.)

3

proposed amended pleading, and Judge Allen should have relaxed the requirements of L. Civ. R. 15.1. in the interests of justice; (2) Judge Allen relied on inapplicable Third Circuit cases; and (3) Plaintiff is unable to provide a marked-up complaint because of his *pro se* status and because of his "horrible" handwriting. (ECF No. 86.)

### B. Judge Allen's Order at ECF No. 129

After this Court's March 19 Opinion and Order granting Defendants' motion to dismiss (ECF Nos. 4–5), the case proceeded to discovery, which ceased on December 16, 2022 (ECF No. 26). On January 3, 2023, Plaintiff requested that Judge Allen allow him to issue subpoenas seeking documents and information, including "color copies of all photographs taken regarding the alleged November 10, 2017 physical assault" from two non-parties: the New Jersey Department of Corrections ("DOC") and the Special Investigation Division ("SID") (collectively, the "non-parties"). (ECF No. 32.) Plaintiff sought to secure subpoenas from the Clerk's Office, and Judge Allen held a conference on May 11, 2023, in an attempt to facilitate obtaining the discovery sought from the DOC and the SID. (ECF No. 126.)

On or about June 13, 2023, Defendants provided Plaintiff with color copies of the requested photographs, but Plaintiff was dissatisfied with the DOC's production because the photographs were "blurry." (*Id.* at 3–4.) Plaintiff then moved for spoliation sanctions against, *inter alia*, the non-parties, alleging that the clear copies of the photographs had been destroyed. (ECF No. 90.) On November 4, 2024, Judge Allen denied Plaintiff's motion for spoliation sanctions against the non-parties without prejudice. (ECF No. 126.) The Order detailed for Plaintiff the steps required

to obtain the subpoenas, the requirements for serving them, and the consequences if he failed to comply. (*Id.*)[3]

On December 13, 2024, Plaintiff filed a motion seeking the limited appointment of *pro bono* counsel to serve subpoenas on the non-parties. (ECF No. 128.) Plaintiff also sought approval of his proposed subpoenas and attachments. (ECF Nos. 128-1, 128-2.) The attachments identified the information sought, which included color photographs of "facial pictures" taken on November 10, 2017. (ECF Nos. 128-1 at 2, 128-2 at 2.) But the subpoena attachments also directed the subpoenaed recipients as follows:

> If for any reason you are going to allege that the requested photographs have been destroyed or lost, YOU ARE COMMANDED to produce the name and rank of the individual(s) who destroyed or lost the picture; and to print clear, color copies of Mr. Garner's facial injuries from the video recorded on November 10, 2017. And you ARE ALSO COMMANDED to preserve the video(s) recorded on November 10, 2017, until this litigation comes to a conclusion.

(ECF Nos. 128-1 at 2, 128-2 at 2.) Plaintiff alternatively requested permission to serve the subpoenas by certified mail if Judge Allen was not inclined to appoint *pro bono* counsel. (ECF No. 128 at 2.)

On January 21, 2025, Judge Allen issued a Letter Order (ECF No. 129) denying Plaintiff's motion for the limited appointment of *pro bono* counsel and for the court's approval of the two subpoenas. While the Court approved of Plaintiff's request to subpoena the color photographs of "facial pictures" taken on November 10, 2017, the Court did not approve of the additional

---

[3] The Order detailed as follows: (1) Plaintiff had to complete and submit subpoena forms for Judge Allen to review; (2) Plaintiff had to secure and identify a non-party over the age of eighteen to serve the subpoenas on his behalf; (3) Plaintiff was not entitled to have United States Marshals serve his subpoenas, nor could he serve them by mail; and (4) if Plaintiff failed to complete and return the subpoena forms and identify the non-party that would serve them, his right to pursue discovery from the non-parties would be waived. (ECF No. 126 at 5–6).

directives in the subpoena's attachments. (*Id.* at 3.) Judge Allen ordered Plaintiff to resubmit the proposed subpoenas without the additional directives. (*Id.*)

The Court also found the appointment of *pro bono* counsel inappropriate. (*Id.*) Plaintiff was not eligible for *pro bono* counsel because Plaintiff had not applied for nor been granted permission to proceed in forma pauperis ("IFP") in federal court. (*Id.*) Even if Plaintiff qualified for IFP status, the court found that the appointment of *pro bono* counsel was not necessary to serve the proposed subpoenas because a subpoena may be served by "any person" at least eighteen years old and not a party to the suit, Fed. R. Civ. P. 45(b)(1), and Plaintiff failed to explain why no such person could serve the subpoena on his behalf. (*Id.* at 4.)

Judge Allen also noted that Plaintiff failed to address the factors set forth by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), which control whether a court may appoint *pro bono* counsel.[4] (*Id.*) But even a brief consideration of these factors did not warrant the limited appointment of counsel. (*Id.*)

Lastly, the Judge Allen found that Plaintiff's alternative request for permission to deliver the subpoenas by certified mail was unsupported because: (1) the subpoenas were improper as written; (2) Plaintiff did not identify the person that would personally serve them; and (3) the November 4 Order already advised Plaintiff that personal service of subpoenas is required. (ECF Nos. 128 at 2, 126 at 5 n.7.) Plaintiff argues on appeal that: (1) appointment of *pro bono* counsel to assist Plaintiff with the service of his subpoenas is appropriate because of his incarceration and indigent status; and (2) this Court should overrule Judge Allen's Order disallowing Plaintiff to

---

[4] The factors set forth in *Tabron* are: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues involved; (3) the degree to which factual investigation is necessary and attainable; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case requires expert testimony; and (6) the plaintiff's ability to obtain and afford counsel on their own behalf. *Tabron*, 6 F.3d 147.

subpoena color copies of Plaintiff's facial injuries from the video recorded on November 10, 2017. (ECF No. 131 at 6.)

## II. LEGAL STANDARD

Under the Local Rules, a magistrate judge's order on a non-dispositive issue[5] may only be modified if it is determined to be "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); *see also* 28 U.S.C. § 636(b)(1)(A) (establishing the standard of review for magistrate resolution of nondispositive matters as clear error); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. Oct. 15, 1998) (noting the Federal Magistrates Act, which accords with the Federal Rules of Civil Procedure and NJ Local Civil Rules, allows reversal of a magistrate judge's determination of a nondispositive issue only where it is "clearly erroneous or contrary to law"). Courts have long established that a finding is clearly erroneous when, upon review of all evidence, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Medeva Pharma Suisse A.G. v. Roxanne Labs.*, Civ. A. No. 07-5165, 2011 WL 223600 at *2 (D.N.J. Jan. 24, 2011) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Similarly, a finding is contrary to law where "it misinterprets or misapplies applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. Jan. 3, 2008) (quoting *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. Dec. 28, 1998)); *see also Juice Ent., LLC v. Live Nation Ent., Inc.*, Civ. A. No.: 11-07318, 2022 WL 2803169, at *2 (D.N.J. July 18, 2022) (explaining that a district court will only reverse a magistrate decision on pretrial matters that are

---

[5] "Motions to amend are usually considered non-dispositive motions." *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001). And a magistrate's decision on whether to appoint *pro bono* counsel is usually non-dispositive as well. *Hopkins v. Medio*, Civil Action No. 12-5134 (JBS/JS), 2015 U.S. Dist. LEXIS 105778 at *6 n.2 (D.N.J. Aug. 12, 2015).

7

clearly erroneous or contrary to law). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," and the reviewing court will necessarily affirm. *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

### III. DECISION

#### A. Plaintiff's Appeal of ECF No. 80

Plaintiff appeals Judge Allen's Order (ECF No. 80) denying Plaintiff's motion for reconsideration of her Order (ECF No. 67) denying Plaintiff's motion for leave to amend, or for this Court to *sua sponte* appoint counsel to Plaintiff for the purpose of helping him comply with the requirements of L. Civ. R. 15.1 (ECF No. 86 at 7). Plaintiff argues that (1) Plaintiff did provide Judge Allen and Defendants with a chance to evaluate the sufficiency of the proposed amended pleading, and that Judge Allen should have relaxed the requirements of L. Civ. R. 15.1. in the interests of justice; (2) the Third Circuit cases on which Judge Allen relied are inapplicable; and (3) Plaintiff is unable to provide a marked-up complaint because of his *pro se* status and because of his "horrible" handwriting. (ECF No. 86.) This Court agrees with Judge Allen.

**1. Sufficiency of the proposed amended pleading and requirements of L. Civ. R. 15.1**

Plaintiff first alleges that he provided Judge Allen and Defendants with a chance to evaluate the sufficiency of the proposed amended pleading, and that Judge Allen should have relaxed the requirements of L. Civ. R. 15.1. in the interests of justice. (*Id.* at 5.) Plaintiff argues that he did attach a proposed amended complaint—differing substantially from the original—to his motion. (*Id.*) Plaintiff cites case law to support his contention that L. Civ. R. 15.1 is subject to relaxation in the interests of justice and that leave to amend is particularly appropriate for *pro se* plaintiffs. (*Id.*)

8

This Court agrees with Judge Allen that "Plaintiff's motion merely sets forth his disagreement with the Court's prior decision, which is not a valid basis for reconsideration." (ECF No. 80 at 2.) The Court explained in its June 5, 2023 Order that "the purpose of a clearly delineated amended complaint is to allow the Court to assess the merits of a request to amend," yet Plaintiff asked the Court "to speculate about the parameters of the proposed amended complaint" by failing to clearly identify the nature of the proposed amendment. (*Id.*) Further, Judge Allen exercised flexibility in the interests of justice by considering Plaintiff's status as an incarcerated *pro se* litigant and not requiring Plaintiff to provide a "red-lined" version of his proposed amended complaint. (*Id.* at 3.)

2. **Applicability of *Lake* and *Yuhasz***

Plaintiff next argues that Judge Allen erroneously relied on two cases from the Third Circuit, *Lake v. Arnold*, 232 F. 3d 360 (3d Cir. 2000) and *Yuhasz v. Porritz*, 166 F. App'x 642 (3d Cir. 2006). (ECF No. 86 at 5–6.) Plaintiff contends that neither case involves *pro se* prisoner plaintiffs and that neither case deals with L. Civ. R. 15.1(b), which was adopted in 2017. (*Id.* at 6.) Plaintiff alleges this case is distinguishable from these cases, framing the issue here as "whether Plaintiff should have been allowed to amend his Complaint even though due to his status as a pro se prisoner he is unable to comply with the requirements of L. Civ. R. 15.1(b)." (*Id.*) But *Yuhasz*, 166 F. App'x 642, did involve a *pro se* litigant, and *Lake*, 232 F. 3d 360, supports the proposition that the purpose of a clearly delineated amended complaint is to allow the Court to assess the merits of a request to amend." (ECF No. 80 at 2.) The two cases, read together, clearly apply this principle to cases involving *pro se* litigants.

9

### 3. Plaintiff's ability to submit a marked-up complaint

Lastly, Plaintiff argues that he is unable to comply with Judge Allen's requirements to submit "a marked up version of the proposed amended complaint containing handwritten underlined proposed additions to the original complaint, as well as handwritten cross-out or stricken through deletions to the original complaint." (ECF No. 86 at 6 (citing ECF No. 80 at 3).) Plaintiff contends he does not know how to do this. (*Id.*)[6] Further, even if he knew, Plaintiff contends that he has "horrible handwriting that would be impossible for the Court to understand." (*Id.*)

This Court is not persuaded that Plaintiff's handwriting prevents him from providing a marked-up version of the amended complaint. Judge Allen required only "handwritten underlined proposed additions" and "handwritten cross-out or stricken through deletions to the original complaint," and however "horrible" Plaintiff's handwriting, his ability to underline or strikethrough is likely sufficient. (*Id.*)

Based on the foregoing, the Court finds Judge Allen's Order was not clearly erroneous or contrary to law, and the appeal is denied.

### B. Plaintiff's Appeal of ECF No. 129

On January 30, 2025, Plaintiff appealed Judge Allen's denial of Plaintiff's motion for the appointment of *pro bono* counsel for the limited purpose of serving two subpoenas and for the Court's approval of the two subpoenas. (ECF No. 131.) Plaintiff argues on appeal that: (1) limited appointment of counsel to assist Plaintiff with the service of his subpoenas is appropriate; and (2) this Court should overrule Judge Allen's decision not to allow Plaintiff to subpoena color copies

---

[6] Plaintiff asserts a prisoner paralegal is aiding him, and Plaintiff contends that neither of them is able to submit the marked-up complaint.

of Plaintiff's facial injuries from the video recorded on November 10, 2017. (*Id.* at 6.) This Court agrees with Judge Allen.

### 1. Plaintiff's eligibility for *pro bono* counsel

Plaintiff first argues that the Court erred in ruling that "Plaintiff is not currently eligible for the appointment of counsel" because he must be granted IFP status in federal court, rather than state court, in order for a district court to appoint counsel. (*Id.* at 3.) Plaintiff contends that none of the cases relied on by Judge Allen stand for the proposition that Plaintiff—who was permitted to proceed without fees in state court—must refile for IFP status in federal court before counsel could be assigned. (*Id.*) Plaintiff emphasizes that Judge Allen *sua sponte* appointed counsel to Plaintiff "for the limited and exclusive purpose of settlement discussions." (*Id.*)

Plaintiff next challenges Judge Allen's finding that the appointment of *pro bono* counsel is not necessary to serve the proposed subpoenas because Plaintiff could not explain why any person—over eighteen and not a party to this case—could not serve the subpoenas on his behalf. (*Id.*) Plaintiff contends that his incarceration and indigent status demonstrate his inability to have someone serve the subpoenas on his behalf or hire a service agency. (*Id.*) Further, Plaintiff alleges that his failure to address the *Tabron* factors determining whether appointment of *pro bono* counsel is appropriate is excusable because *Erickson v. Pardus*, 551 U.S. 89 (2007), mandates that legal documents filed by *pro se* litigants be liberally construed. (*Id.* at 4.)

Plaintiff also contests Judge Allen's finding that "Plaintiff has shown an ability to present his case." (*Id.*) Plaintiff contends that this statement contradicts the court's finding that Plaintiff's request was "defective." (*Id.* (citing ECF No. 129 at 2).) Plaintiff also states that his ability so far to litigate his case is irrelevant because he cannot personally serve the subpoenas here, and his ability to file and respond to motions does not conclusively correspond to an ability to present his

11

own case. (*Id.* at 4–5.) Plaintiff also claims that Judge Allen exaggerated the discovery that Plaintiff had been able to secure, overlooking the fact that Defendants objected to and denied most of Plaintiff's requests for documents. (*Id.* at 5.) Plaintiff contends that the photos provided to him are inferior to those requested because they are "completely blurred to the point that nothing is depicted except a black shape of what looks like a person's head," so Judge Allen's statement that "Plaintiff is not being denied evidence essential to his case" is inaccurate. (*Id.* at 6.)

This Court agrees with Judge Allen's denial of *pro bono* counsel, and agrees that Plaintiff has shown an ability to present his case. Plaintiff's incarceration is not dispositive because a subpoena may be served by "any person" at least eighteen years old and not a party to the suit, Fed. R. Civ. P. 45(b)(1), and Plaintiff failed to explain why no such person could serve the subpoena on his behalf. (ECF No. 129 at 4.) In deciding whether a plaintiff has shown an ability to present his or her own case, "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Courts may consider the restraints placed on incarcerated plaintiffs, such as when the conditions of confinement hamper a plaintiff's access to a typewriter, photocopy machine, telephone, or computer. *Id.* (citing *Rayes v. Johnson*, 969 F.2d 700, 703–04 (8th Cir. 1992). Plaintiff alleges he is unable to present his own case, evidenced by the Court's finding that his request was "defective," (ECF No. 131 at 4 (citing ECF No. 129 at 2)), but there is no indication that Plaintiff's incarceration denies him any of the resources necessary to present his own case. Accordingly, this Court finds that Plaintiff is able to present his own case, and the denial of *pro bono* counsel was appropriate.

### 2. Plaintiff's proposed subpoenas

Plaintiff next argues that this Court should overrule Judge Allen's decision not to allow Plaintiff to subpoena color copies of Plaintiff's facial injuries from the video recorded on

November 10, 2017. (*Id.*) Plaintiff speculates that the NJDOC and the SID will allege they possess no color photos of Plaintiff's face other than the damaged ones already produced by Defendants. (*Id.*) Plaintiff contends that the subpoenas should be permitted to proceed in full as proposed by Plaintiff, including the Additional Directives. (*Id.*)

This Court agrees with Judge Allen's denial of the proposed subpoenas. Judge Allen approved of Plaintiff's request to subpoena the color photographs of facial pictures taken on November 10, 2017, but did not approve of the inclusion of the Additional Directives in the subpoena attachments. (ECF No. 129 at 3.) The Court found that "such directives are not appropriately included in a court-authorized subpoena" and that the Additional Directives "not only presuppose that the information has been destroyed but that any such destruction and/or failure to preserve was not proper." (*Id.*) Judge Allen gave Plaintiff the opportunity to submit the subpoenas properly, stating that, "If, and when, the subpoenas are properly served and responded to, any arguments about purported destruction and/or failure to preserve subpoenaed information may be raised at that time." (*Id.*) This Court finds that Plaintiff could have complied with Judge Allen's direction to resubmit the proposed subpoenas without the Additional Directives but failed to do so.

Accordingly, this Court finds Judge Allen's Order was not clearly erroneous or contrary to law, and the appeal is denied.

IV.  **CONCLUSION**

For the reasons set forth above, Plaintiff's appeals (ECF Nos. 86, 131) are **DENIED** and Judge Allen's September 19, 2023 and January 21, 2025 Orders (ECF Nos. 80, 129) are **AFFIRMED**. An appropriate order follows.

Dated: May 1, 2025 /s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Case 2:20-cv-07791-BRM-JSA   Document 136   Filed 05/01/25   Page 14 of 14 PageID: 684